(61 Misc. Rep. 399.)

MILOVICH v. AMERICAN SERVIAN SOCIETY.

(City Court of New York, Special Term.  December, 1908.)

COURTS (§ 78*)—REGULATING PROCEDURE.
> The legality or regularity of process or service of process or papers can only be determined when properly presented to the court for decision, and the court cannot in advance, on motion, give instructions marking out the future procedure in an action. ·
> [Ed. Note.—For other cases, see Courts, Dec. Dig. § 78.*]

Resto Milovich recovered a judgment against the American Servian Society, which was subsequently set aside, and the attorney for plaintiff directed to receive defendant's answer, and defendant thereafter moved for an order of the court declaring that plaintiff's attorney had ceased to be the attorney for plaintiff in the action, and that all notices and papers might be given and served as if plaintiff had not commenced the action by such attorney.  Motion denied.

George J. Gruenberg, for the motion.
George S. MacDonald, opposed.

GREEN, J.  This is a motion made by defendant's attorney for an order of this court declaring that plaintiff's attorney of record "has ceased to be the attorney for the plaintiff in this action and no longer represents the plaintiff in any manner in this action, and that henceforth, and until due substitution of another attorney for the plaintiff herein in place of the said George S. MacDonald, Esq., and due notice thereof to the defendant's attorney, all notices and all papers in this action hereafter to be given or served" on the part of the defendant to or · upon the plaintiff may be given and served in the same manner as if the plaintiff had not commenced this action by said attorney, and "directing that the defendant may serve a notice of motion to make the complaint herein more definite and certain, and likewise in the same

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

manner any and all other notices and papers whatsoever in this action, and that such service hereafter made shall be valid and effectual, as if the plaintiff had not commenced this action by said attorney or appeared therein by him." A mere statement of the grounds and purposes of this motion is sufficient to justify its characterization as one extraordinary. From the papers and proceedings before me it appears: That the plaintiff appeared by the attorney in question and brought this action against the defendant; that subsequently a judgment was entered by default, which judgment defendant claims is void, inasmuch as no legal service of the summons was made upon the defendant; and that notwithstanding that the action (as defendant claims) was one in which judgment could not have been legally entered without application to the court, nevertheless judgment was so entered without such application. The proceedings further show that upon obtaining the judgment plaintiff's attorney immediately procured ex parte a third-party order, in proceedings supplementary to execution requiring a certain savings bank to be examined as to certain money, the property of the defendant, and the plaintiff's attorney upon the examination of the bank discovering certain moneys in the bank belonging to the defendant and amounting to $800.53, procured an ex parte order permitting the payment of the money in the hands of the bank to the sheriff in order to satisfy the judgment, and the said sum of $800.53 was paid by the bank to the sheriff. The attorney for the plaintiff then obtained this money from the sheriff and immediately settled with his client. The defendant with all due despatch thereupon made a motion to set aside the judgment in question, and after a hearing the said motion was granted, and the attorney for the plaintiff was directed to receive the answer of the defendant. Plaintiff's attorney now, however, maintains and takes the position that he is no longer the attorney for the plaintiff, that he is no longer retained by him, and that his duties as such attorney ceased when the judgment was satisfied, and that he has now no longer authority to appear for the plaintiff, and he declines to do so; and on the various intermediate motions he appeared in the action and urged as a preliminary objection to the motion that he was no longer the attorney for the plaintiff. Plaintiff's attorney stated in open court that he no longer represented the plaintiff, that plaintiff obtained the money, that he has left the country, and that he does not know where the plaintiff is. These facts and the fact of plaintiff's financial irresponsibility may be significant of plaintiff's attorney's desire to be relieved of a continuance of his relation as attorney for the plaintiff, but, notwithstanding these facts, the justice at special term ordered that he receive the answer of the defendant. This answer he accepted, and in a letter to defendant's counsel he wrote:

"Inasmuch as the order of the court directs an answer to be served upon me, I will receive it. I take the position that the entry and satisfaction of judgment in the case has ended the relation between myself and Mr. Milovich (the plaintiff), and that I no longer represent him in any way, and will return all other papers served upon me with the exception of the answer."

And thus comes the attorney for the defendant into court, requesting the remarkable relief hereinbefore referred to, and asks that this

court issue to him for his guidance in the future conduct of this case clear legal sailing directions, wherein the court shall mark out his course and chart the danger points in order that he avoid the rocks of his adversary's anticipated objections. Without deciding whether or not the entry of judgment, whether void or irregular, ends the functions of the attorney, without deciding as to the regularity of the service of his process on this motion, without deciding upon whom he should serve his papers to make the complaint more definite or certain, without adverting to his rights to have restitution made under section 1292 of the Code of Civil Procedure when a judgment is set aside for any cause, it is, however, my opinion that this court cannot give him the relief asked for on this motion. The question as it is now presented is but an academic one. Counsel has the right to test the legality or regularity of process or service of process or papers when such is called into question, and the court has only the right to decide a question when it is squarely and properly presented to it for its decision.

The two cases submitted by defendant's counsel (Fredericks v. Taylor, 52 N. Y. 599; Pattison v. O'Connor, 23 Hun, 307) are not authorities warranting such relief as is herein asked for, but only go to the point of holding that upon a motion to determine the regularity of process or service of papers or process the court should by a speedy and summary determination thus dispose of the question on motion, and not permit the question to await the final determination of the action, and thus imperil the final judgment. These cases do not hold that the court should give advance instruction, but only that the court should dispose of the matter when legally before it; and it would be subversive of our entire system of procedure and result in ultimate chaos were counsel entitled in a matter of this kind to virtually ask the court to mark out the procedure in an action for the future, for the inevitable result of such a theory would be to constitute the court as advisory counsel to the attorneys of record, and it is self-evident that the court would become busily engaged in that work exclusively, to the detriment of the duties for which they were elected to office.

Defendant's counsel having been so urgently and honestly insistent as to his right to this motion, I have examined the papers and proceedings carefully in order to give him some relief if possible on this motion; but I am without power to make the order requested. He has his rights. He may serve whatever legal papers he may think necessary to serve, and, should acceptance of service of papers or process be refused, he may then invoke the aid of the court, when motions properly made may receive and will be given proper consideration.

Motion denied, without costs.